UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD STURM,<br><br>                Plaintiff,<br><br>-against-<br><br>ATR NEW YORK LH, INC. d/b/a ATRIA LYNBROOK,<br><br>                Defendant. | CIVIL CASE NO: _____<br><br><br>**NOTICE OF REMOVAL TO FEDERAL COURT** |

Defendant ATR NEW YORK LH, INC. d/b/a ATRIA LYNBROOK ("ATRIA" or "Defendant") hereby removes to this Court the state action described below. Removal is warranted under 28 U.S.C. § 1441 because this is an action over which this Court has original jurisdiction under 28 U.S.C. § 1332.

**I.  BACKGROUND**

1. Plaintiff Richard Sturm ("Plaintiff"), brought this personal injury against Defendant by filing a Summons and Verified Complaint in the Supreme Court of the State of New York, County of Nassau on or about October 12, 2021 under Index Number 612947/2021. *See* Declaration of Kelly Jones Howell in Support of Notice of Removal under 28 U.S.C. § 1441(b) (Diversity) of Defendant (hereinafter "Howell Decl."); and a true and accurate copy of the Summons and Complaint annexed thereto as **Exhibit A**.

2. This case arises out of Richard Sturm's residency at Atria Lynbrook, located at 100 Peninsula Boulevard, Lynbrook, New York. Plaintiff alleges that Defendant failed to properly assist him on November 4, 2018 causing him to fall. Exhibit A, ¶ 19. Plaintiff alleges negligence, negligent supervision and violations of New York's Public Health. *See generally*

Exhibit A.

3. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 and because Defendant has satisfied the procedural requirements for removal.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. §§ 1332 & 1441

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states.

### A. DIVERSITY OF CITIZENSHIP

5. Plaintiff was, at the time this action was commenced, a resident and citizen of the State of Pennsylvania. *See* Howell Decl., Exhibit A, ¶ 1.

6. Defendant ATR NEW YORK LH, INC. d/b/a ATRIA LYNBROOK is and was at the time Plaintiff commenced this action, a corporation organized under the laws of the Commonwealth of Virginia with its principal place of business in Louisville, Kentucky. *See* Howell Decl., ¶ 4. Therefore, ATR NEW YORK LH, INC. is a citizen of Virginia and Kentucky for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

### B. AMOUNT IN CONTROVERSY

7. It was not apparent from the face of the Complaint that Plaintiff seeks an amount in controversy in excess of $75,000, exclusive of interest and costs, because Plaintiff did not specify the damages sought against Defendant or the severity of the alleged injury. *See* Howell Decl., ¶¶ 6-7; *see also generally* Exhibit A.

8. Accordingly, since it was not readily apparent this matter was removable on the face of the Complaint; Defendant filed its Answer in the Supreme Court of the State of New York,

Nassau County denying all liability on December 10, 2021. *See* Howell Decl., ¶ 8; **Exhibit B**.

9. In order to ascertain the amount of damages sought by Plaintiff, concurrent with its Answer Defendant served a Notice to Admit, dated December 10, 2021, upon Plaintiff pursuant to New York CPLR 3123. *See* Howell Decl., ¶ 9; **Exhibit C**.

10. The Notice asked Plaintiff to:

   a) Admit that Plaintiff's total claimed damages in this case are in excess of $75,000, exclusive of interest and costs; and

   b) Admit that Plaintiff seeks to recover in excess of $75,000, exclusive of interest and costs, in this case.

**Exhibit C**.

11. In a response dated February 21, 2022, Plaintiff admitted his total claimed damages, exclusive of costs and interest, exceed $75,000. *See* Howell Decl., ¶ 10; **Exhibit D**.

12. Defendant initially did not know whether Plaintiff sought damages in excess of $75,000, and in fact, Defendant could not reasonably ascertain whether Plaintiff sought damages in excess of $75,000 because Plaintiff did not specify the damages sought against Defendant or the severity of the alleged injury. *See* Howell Decl., ¶ 7.

13. Notwithstanding, since Plaintiff admits he seeks damages in excess of the Amount in Controversy in its Response to Defendant's Notice to Admit, it is now evident that the Amount in Controversy is satisfied. *See* Howell Decl., ¶ 10; *Yonkosky v. Hicks*, 409 F. Supp. 2d 149, 157 (W.D.N.Y. 2005) ("where the pleadings themselves are inconclusive as to the amount in controversy ... federal courts may look outside those pleading to other evidence in the record.").

14. It was not until on or about February 21, 2022, when Plaintiff served their Response to Defendant's Notice to Admit, that Defendant was first able to ascertain that Plaintiff's alleged damages exceed $75,000 within a "reasonable probability" as required by 28 U.S.C. 1332(a). *See* Howell Decl., ¶ 11; *United Food & Commercial Workers Union Local 919, AFL-CIO v.*

*CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 305 (2d. Cir. 1994); *accord Young v. United Parcel Service General Services Co.*, No. 11-CV-4105 (DLI)(RER), 2012 WL 847574 at *1 (E.D.N.Y. Mar. 12, 2012) (amount in controversy satisfied where Plaintiffs seek damages in excess of $75,000).

15. Therefore, on or about, on or about February 21, 2022, was the first day Defendant became aware this matter was eligible for removal pursuant to 28 U.S.C. § 1332. *See* Howell Decl., ¶ 11; *Cutrone v. Mortg. Elec. Registration Sys., Inc.*, 749 F.3d 137, 145 (2d Cir. 2014) ("the removal clocks of 28 U.S.C. § 1446(b) are not triggered until the plaintiff serves the defendant with an initial pleading or other document that explicitly specifies the amount of monetary damages sought or sets forth facts from which an amount in controversy [] can be ascertained."); *F.W. Myers & Co. v. World Projects Int'l, Inc.*, No. 96-CV-0763, 1996 WL 550135, at *3 (N.D.N.Y. Sept. 19, 1996) ("the 30–day time limitation had begun when defendant had 'first ascertained' that the amount in controversy limit was exceeded.").

**III.   PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED**

16. No earlier than February 21, 2022, Defendant first learned that Plaintiff seeks damages in excess of $75,000.  *See* Howell Decl., ¶ 11.

17. Removal is timely pursuant to 28 U.S.C. § 1446(b)(3) because Defendant filed this Notice of Removal with this Court within thirty (30) days of learning this matter was eligible for removal pursuant to 28 U.S.C. § 1332.  *See id.*; *Cutrone, at* 143 ("If removability is not apparent from the allegations of an initial pleading or subsequent document, the 30–day clocks of 28 U.S.C. §§ 1446(b)(1) and (b)(3) are not triggered.").

18. Defendant demands a jury trial.

19. A copy of this Notice of Removal is being filed in the Supreme Court of the State of

4

New York, County of Suffolk, and delivered to Plaintiff's counsel of record.  *See* Notice of Filing Notice of Removal to State Court annexed to the Howell Decl. as **Exhibit E**.

20. By removing this action to this Court, Defendant does not waive any defenses, objections, or motions available to it under state or federal laws.  Defendant expressly reserves the right to move for dismissal of Plaintiff's claims pursuant to Rule 12 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant ATR NEW YORK LH, INC. d/b/a ATRIA LYNBROOK, pray that the above-styled action now pending against it in the Supreme Court of the State of New York, County of Nassau, be removed therefrom to this Honorable Court, the United States District Court for the Eastern District of New York.

Dated:   New York, New York
         March 21, 2022

                HARRIS BEACH PLLC

                /s/ Kelly Jones Howell
                Kelly Jones Howell (KJH - 7804)
                Andre J. Major (AJM – 8888)
                *Attorneys for Defendant*
                **ATR NEW YORK LH, INC. d/b/a ATRIA LYNBROOK**
                100 Wall Street, 23rd Floor
                New York, New York 10005
                (212) 687-0100