# Exhibit "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
------------------------------------------------------------------X
RICHARD STURM,

                              Plaintiff,

     -against-

ATR NEW YORK LH, INC. d/b/a
ATRIA LYNBROOK,

                              Defendant.
------------------------------------------------------------------X

Index No.

Plaintiff designates
Nassau County as the
place of trial.

The basis of venue is
Defendant's place of business.

**SUMMONS**

**TO THE ABOVE NAMED DEFENDANT(s):**

*You are hereby summoned* to answer the complaint in this action and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Long Beach, New York
         October 5, 2021

                                      BY: _____
                                              Darryn Solotoff
                                              ELOVICH & ADELL, ESQS.
                                              Attorneys for Plaintiff
                                              164 West Park Avenue
                                              Long Beach, New York 11561
                                              (516) 432-6263

**Defendant's Address:**

ATR NEW YORK LH, INC. d/b/a
ATRIA LYNBROOK
c/o CT Corporation System
28 Liberty Street
New York, NY 10005

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

1 of 10

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-----------------------------------------------------------------------------X
RICHARD STURM,                                                Index No.

                                 Plaintiff,              **VERIFIED**
                                                       **COMPLAINT**

    -against-

ATR NEW YORK LH, INC. d/b/a ATRIA LYNBROOK,

                                 Defendant.
-----------------------------------------------------------------------------X

        Plaintiff, RICHARD STURM, complaining of the defendant by his attorneys, ELOVICH & ADELL, ESQS., respectfully shows to this Court and alleges the following:

        FIRST: That at all times hereinafter mentioned, the plaintiff, RICHARD STURM, was and still is a resident of the State of Pennsylvania, County of Montgomery, and resides at 1003 Easton Road, Willow Grove, Pennsylvania.

        SECOND: That at all times hereinafter mentioned, the defendant, ATR NEW YORK LH, INC., was and still is a foreign business corporation doing business under and by virtue of the laws of the State of New York and maintains it principal executive offices located at 500 North Hurstbourne Parkway, Suite 200 Louisville, Kentucky.

        THIRD: That at all times hereinafter mentioned the defendant, ATR NEW YORK LH, INC., did business under the assumed name of ATRIA LYNBROOK.

        FOURTH: That at all times hereinafter mentioned, the defendant, ATR NEW YORK LH, INC. d/b/a ATRIA LYNBROOK, owned an adult care facility located at 100 Peninsula Boulevard, Lynbrook, New York.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

2 of 10

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)
NYSCEF DOC. NO. 1
INDEX NO. UNASSIGNED
RECEIVED NYSCEF: 10/12/2021

Case 2:22-cv-01545-PKC-AYS   Document 1-2   Filed 03/21/22   Page 4 of 11 PageID #: 12

FIFTH: That at all times hereinafter mentioned, the defendant, ATR NEW YORK LH, INC. d/b/a ATRIA LYNBROOK, operated an adult care facility located at 100 Peninsula Boulevard, Lynbrook, New York.

SIXTH: That at all times hereinafter mentioned, the defendant, ATR NEW YORK LH, INC. d/b/a ATRIA LYNRBOOK, managed an adult care facility located at 100 Peninsula Boulevard, Lynbrook, New York.

SEVENTH: That at all times hereinafter mentioned, the defendant, ATR NEW YORK LH, INC. d/b/a ATRIA LYNBROOK, maintained an adult care facility located at 100 Peninsula Boulevard, Lynbrook, New York.

EIGHTH: That at all times hereinafter mentioned, the defendant, ATR NEW YORK LH, INC. d/b/a ATRIA LYNBROOK, controlled an adult care facility located at 100 Peninsula Boulevard, Lynbrook, New York.

NINTH: That at all times hereinafter mentioned, plaintiff, RICHARD STURM, was a resident at the aforesaid adult care facility known as "ATRIA LYNBROOK" located at 100 Peninsula Boulevard, New York.

TENTH: That at all times hereinafter mentioned, it was the duty and responsibility of the defendant, ATR NEW YORK LH, INC., d/b/a ATRIA LYNBROOK, by its agents, servants and employees, to provide plaintiff with a safe environment and care and assistance while resident at the said adult care facility.

ELEVENTH: That at all times hereinafter mentioned, the defendant, ATR NEW YORK LH, INC., operated the aforesaid facility as an adult care facility that provided personal care for residents including assistance with activities of daily living, including bathing, grooming, getting dressed and

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

safety checks; escorting to and from daily events, in addition to lodging, board and related services pursuant to New York State Public Health Law § 2801(2),(3), et seq.

TWELFTH: That at all times hereinafter mentioned, the defendant, ATR NEW YORK LH, INC., operated the aforesaid facility as an adult care facility subject to the provisions of New York State Public Health Law § 2801 and 2803, et seq.

THIRTEEHNTH: That at all times hereinafter mentioned, the defendant, ATR NEW YORK LH, INC., operated the aforesaid facility subject to the provisions of 42 U.S.C. § 1395(i), et seq., 42 CFR 483 and 10 NYCRR 415, et seq.

FOURTEENTH: That at all times hereinafter mentioned, the defendant did receive reimbursement under the U.S. Medicare and/or Medicaid programs and therefore they are subject to the regulations governing adequate and appropriate standards of care.

FIFTEENTH: That at all times hereinafter mentioned, the defendant had a non-delegable duty to operate the facility in a reasonably safe and suitable condition and to provide adequate services/care to plaintiff.

SIXTEENTH: That at all times hereinafter mentioned, it was the duty of the defendant to safely supervise the plaintiff and other residents of the facility against injury and specifically including the plaintiff, RICHARD STURM.

SEVENTEENTH: That at all times hereinafter mentioned, it was the duty and responsibility of the defendant to provide assistance with activities of daily living, including bathing, grooming, getting dressed and safety checks; escorting to and from daily events.

EIGHTEENTH: That at all times hereinafter mentioned, the defendant represented that it was competent and capable of supervising and protecting their residents with impaired gait, balance, and range of motion medical ailments such as the plaintiff.

3

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

NINETEENTH: That on November 4, 2018 at approximately 4:00 p.m., during the course of his residency at the aforesaid facility, the plaintiff, RICHARD STURM, was caused to fall and become injured due to the defendant, its agents, servants, and employees' failure to properly assist the plaintiff leaving him alone in the multipurpose room with his walker out of his reach, causing him to sustain serious and severe personal injuries.

TWENTIETH: That the aforesaid accident and resulting injuries to plaintiff was caused solely by reason of the culpable conduct of the defendant without any contributory culpable conduct on the part of the plaintiff contributing thereto.

TWENTY-FIRST: Pursuant to CPLR § 1602(2)(iv), the defendant is liable for all damages, including but not limited to, plaintiff's non-economic loss irrespective of the provisions of CPLR § 1601, by reason of the fact that the defendant owed plaintiffs a non-delegable duty of care.

TWENTY-SECOND: That as a result of the aforesaid culpable conduct of the defendant, its agents, servants and/or employees, the plaintiff sustained serious and severe personal injuries to and about his head, limbs, and body; he became sick, sore, lame and disabled and suffered and still suffers and will continue to suffer for some time to come great mental and physical pain, mental anguish, and bodily injuries. The plaintiff is informed and verily believes that some of his injuries will prove to be permanent in nature and that he will continue to suffer pain and inconvenience solely by reason of the culpable conduct of the defendant, its agents, servants and/or employees.

TWENTY-THIRD: That solely by reason of the foregoing, plaintiff, RICHARD STURM, has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

TWENTY-FOURTH: Plaintiff, RICHARD STURM, repeats, reiterates and realleges each and every allegation contained in the first Cause of Action in paragraphs "FIRST" through TWENTY-SECOND" as if fully set forth at length herein.

TWENTY-FIFTH: That pursuant to Public Health Law § 2801d et seq., and that at all times hereinafter mentioned, it was the duty of the defendant to provide plaintiff, RICHARD STURM, with all the rights and benefits incorporated in Public Health Law §2803-c.

TWENTY-SIXTH: That the aforesaid accident and injuries sustained by plaintiff, RICHARD STURM, was the proximate result of the failure of defendant to comply with its statutory duty under Public Health Law § 2801-d and Public Health Law § 2800-c.

TWENTY-SEVENTH: That as a result of the foregoing, defendant deprived plaintiff of his rights under Public Health Law § 2801-d and Public Health Law § 2803-c.

TWENTY-EIGHTH: That the acts, omissions and violations by defendant were pervasive, negligent, continuous, and evidenced a reckless disregard for the health, welfare and safety of plaintiff, RICHARD STURM.

THIRTY-NINTH: That as a result of the foregoing, the plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A THIRD CAUSE OF ACTION
### ON BEHALF OF THE PLAINTIFF, RICHARD STURM
### (Negligent Supervision)

THIRTIETH: Plaintiff, RICHARD STURM, repeats, reiterates and realleges each and every allegation contained in the First and Second Causes of Action in paragraphs "FIRST" through "TWENTY-SECOND" and "TWENTY-FOURTH" through "TWENTY-EIGHTH," as if fully set forth at length herein.

5

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

THIRTY-FIRST: That at all times hereinafter mentioned, the defendant held itself out to the public as utilizing and employing personnel with the requisite degree of skill, learning, education, and competence necessary to render proper care in accordance with good known and accepted standards for adult care facilities and certified health care aides and that it undertook to provide such services with due diligence in the care of its residents including plaintiff, RICHARD STURM.

THIRTY-SECOND: That at all times hereinafter mentioned, defendant was negligent in failing to provide proper health care aides and other services at its aforesaid adult care facility to plaintiff, RICHARD STURM, while providing same in a negligent, dangerous, hazardous, and unskillful manner to plaintiff who had altered gait and impaired range of motion and balance and not in accordance with good and accepted practices in the New York Metropolitan Area.

THIRTY-THIRD: That the aforesaid accident and injuries were the result of the failure of defendant to comply with its duties and obligations including Public Health Law §2801-d and Public Health Law §2803-c.

THIRTY-FOURTH: That at all times hereinafter mentioned, the defendant was negligent and careless with regard to the supervision of plaintiff, RICHARD STURM, and its personnel in providing care and supervision to the plaintiff.

THIRTY-FIFTH: That at all times hereinafter mentioned, the defendant, its servants, and employees failed to provide adequate suitable supervision and assistance to the plaintiff, who had impaired balance, gait, strength, and limitation of range of motion and other impairments at the time of the occurrence, RICHARD STURM, while using the bathroom resulting in the accident and injuries to the plaintiff.

THIRTY-SIXTH: That as a result of the aforesaid culpable conduct of the defendant, its agents, servants and/or employees, the plaintiff sustained serious and severe personal injuries to and

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

about her head, limbs and body; he became sick, sore, lame and disabled and suffered and still suffers and will continue to suffer for some time to come great mental and physical pain, mental anguish and bodily injuries. The plaintiff is informed and verily believes that some of his injuries will prove to be permanent in nature and that he will continue to suffer pain and inconvenience solely by reason of the culpable conduct of the defendant, its agents, servants and/or employees.

THIRTY-SEVENTH: That as a result thereof, plaintiff, RICHARD STURM, has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

WHEREFORE, the plaintiff, RICHARD STURM, seeks judgment against the defendant in the First, Second and Third Causes of Action in an amount which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction, together with the costs and disbursements of each enumerated cause of action.

By: _____
Darryn Solotoff
ELOVICH & ADELL, ESQS.
Attorneys for Plaintiff
164 West Park Avenue
Long Beach, New York 11561
(516) 432-6263

7

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

## ATTORNEY'S AFFIRMATION

STATE OF NEW YORK )
) ss.:
COUNTY OF NASSAU )

I, the undersigned, an attorney admitted to practice in the Courts of New York State, state that I am associated with the law firm of ELOVICH & ADELL, ESQS., the attorneys of record for the plaintiff in the within action; I have read the foregoing **COMPLAINT** and know the contents thereof; the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters I believe it to be true. The reason this verification is made by me and not by the plaintiff on the grounds that plaintiff does not reside in the county in which I maintain my office.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows: Conversations with the plaintiff; documents and records kept in my files.

I affirm that the foregoing statements are true, under penalties of perjury.

Dated: Long Beach, New York
October 7, 2021

DARRYN SOLOTOFF

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

9 of 10

Index No.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
========================================================================

RICHARD STURM,

                                                    Plaintiff,

- against -

ATR NEW YORK LH, INC. d/b/a ATRIA LYNBROOK,

                                                   Defendant.
========================================================================

**SUMMONS AND VERIFIED COMPLAINT**

========================================================================

**ELOVICH & ADELL, ESQS.**
**Attorneys for Plaintiff(s)**
**164 West Park Avenue**
**Long Beach, New York 11561**
**(516) 432-6263**
**Fax (516) 432-4897**

========================================================================

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

*Dated: October 5, 2021*

                                                    _____
                                                    Darryn Solotoff

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

10 of 10